IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STATE FARM FIRE AND CASUALTY COMPANY                    PLAINTIFF

VS.                              CIVIL ACTION NO. 5:07-cv-171(DCB)(JMR)

FREDDIE PARSON and KIMBRA PARSON                       DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff State Farm Fire and Casualty Company ("State Farm")'s motion for summary judgment **(docket entry 15)**. Having carefully considered the motion and the record in this case, and being fully advised in the premises, the Court finds as follows:

The following facts are stipulated to by the parties:  On March 31, 2006, State Farm issued Homeowners Policy number 24-C1-4341-1 to Freddie and Kimbra Parson.  The insured location under the policy was a house located at 609 Locust Street in Vicksburg, Mississippi.  At the time the Parsons applied for the policy, they represented to State Farm that they would live at the property being insured.  Four months later the Parsons moved out of the house and converted it to a rental property with eleven separately furnished rooms containing appliances such as window air conditioning units and electric heaters.  The Parsons took in eleven renters and charged them weekly rent.  The Parsons reported the rent as income for federal income tax purposes.  On March 31, 2007, State Farm renewed the policy.  On June 8, 2007, the house

was damaged by fire, and property inside the house was damaged or destroyed.

State Farm filed this declaratory judgment action, seeking an adjudication that the defendants' loss is not covered by the policy, which insures "the dwelling used principally as a private residence on the residence premises." Policy, Coverage A-Dwelling, ¶ 1. "Residence premises" is defined as the "dwelling ... where you reside ...." Policy, Definitions ¶ 10. The policy defines "you" as "the named insured." Policy, Definitions (first unnumbered paragraph). As for the personal property, State Farm contends that the following are excluded: "property of roomers, boarders, tenants and other residents not related to an insured." Policy, Coverage B-Personal Property, 2.Property Not Covered, ¶ f. In addition, the policy excludes from coverage "property regularly rented or held for rental to others by an insured." Policy, Coverage B-Personal Property, 2.Property Not Covered, ¶ g.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses ...." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Fifth Circuit Court of Appeals has held that "summary judgment is appropriate only if there is no

genuine dispute over any material fact." <u>Meyers v. M. V. Eugenio C.</u>, 919 F.2d 1070, 1072 (5th Cir. 1990).

In making its determinations of fact on a motion for summary judgment, this Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party. <u>McPherson v. Rankin</u>, 736 F.2d 175, 178 (5th Cir. 1984). In addition, this Court must "indulge every reasonable inference from [the] facts in favor of the party opposing the motion." <u>Powers v. Nassau Development Corp.</u>, 753 F.2d 457, 462 (5th Cir. 1985).

Since the material facts relevant to the plaintiff's motion for summary judgment are undisputed, and only the legal implications of those facts are in dispute, this case is well-suited to summary judgment proceedings. State Farm states that it was only during its investigation of the fire loss that it discovered that the Parsons had moved from the house, converted it into a rental dwelling, and rented the eleven rooms to weekly renters. The Parsons make no argument nor do they offer any evidence to the contrary.

State Farm shows that at the time of the fire, the Parsons were not using the dwelling principally as a private residence; rather, they were using the dwelling as rental property which housed eleven tenants who paid weekly rent. Furthermore, the house was not a "residence premises" because the Parsons had moved from the house approximately eleven months prior to the time of the

fire.   See Bryan v. United States Fire Insurance Company, 456
S.W.2d 702 (Tex. Civ. App. 1970)(homeowner's policy did not cover
fire loss where insureds had moved out of the house and rented it
to another family).  Since the Parsons neither resided in the house
nor used it principally as a private residence, the State Farm
policy does not afford dwelling coverage for the Parsons' loss.

The policy also provides coverage for personal property owned
or used by an insured.  Policy, Coverage B-Personal Property, ¶ 1.
However, it does not cover property of "roomers, boarders, tenants,
and other residents not related to an insured;" nor does it cover
"property regularly rented or held for rental to others by an
insured."   Thus, the policy does not cover personal property
belonging to the renters; nor does it cover personal property
rented to others by the Parsons.

The Court finds that the policy language is clear and
unambiguous, and that the Court's construction of the policy
effectuates the parties' intentions.   Therefore, State Farm is
entitled to summary judgment.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff State Farm Fire and
Casualty Company's motion for summary judgment **(docket entry 15)** is
GRANTED;

FURTHER ORDERED that the plaintiff is granted a declaratory
judgment as follows:

(1) The State Farm policy does not afford dwelling coverage

for the Parsons' loss;

(2) The State Farm policy does not cover personal property belonging to the Parsons' renters;

(3) The State Farm policy does not cover personal property rented to others by the Parsons.

A separate final judgment Shall follow in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 5th day of August, 2008.


                                    /s/ David Bramlette_____
                                    UNITED STATES DISTRICT JUDGE